
1  Susan J. Olson, SBN 152467
   E-mail: susan.olson@bullivant.com
2  Peter Roldan, SBN 227067
   E-mail: peter.roldan@bullivant.com
3  BULLIVANT HOUSER BAILEY PC
   601 California Street, Suite 1800
4  San Francisco, California 94108
   Telephone: 415.352.2700
5  Facsimile: 415.352.2701

6  Attorneys for Plaintiff Board Of Trustees of
   the Laborers Training and Retraining Trust
7  Fund for Northern California

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>LABORERS' INTERNATIONAL UNION OF NORTH AMERICA LOCAL UNION NO. 261; and CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS,<br><br>Defendants. | Case No.: 07-6436<br><br>**COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS AND FOR BREACH OF FIDUCIARY DUTY**<br><br>[29 U.S.C. § 185; 29 U.S.C. §§ 1109, 1132(g)(2), 1145] |

COMES NOW plaintiff, Board of Trustees of the Laborers Training and Retraining Trust Fund for Northern California, and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for breach of the collective bargaining agreement described below, for recovery of unpaid trust fund contributions and for breach of fiduciary duty. This court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. § 185 (section 301 of the Labor Management Relations Act of 1947, as amended) and 29 U.S.C. §§ 1132(a)(3) and 1132(e)(1) (sections 502(a)(3) and 502(e)(1) of the Employment Retirement

1  Income Security Act of 1974, as amended) ("ERISA").

2. Venue of the within action is properly laid in the U.S. District Court for the Northern District of California in that a substantial part of the events or omission which give rise to the claim occurred in the Northern District of California.

## PARTIES

3. The Laborers Training and Retraining Trust Fund for Northern California ("the Trust Fund") is a trust fund organized under and pursuant to the provisions of sections 302 (c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 186(c)(5) and 186(c)(6). The Trust Fund is an "employee benefit program" created by written trust agreements subject to and pursuant to Section 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37). The Board of Trustees, as a fiduciary of the Trust Fund pursuant to Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21), is the plaintiff, who sues on behalf of the Trust Fund.

4. The Trust Fund provides a variety of benefits for laborers and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements. The duties of the plaintiff include ensuring that employers who are obligated to said collective bargaining agreements comply with the terms of those agreements with respect to payments to the Trust Fund.

5. Defendant Laborers' International Union of North America, Local Union No. 261 ("Local 261") is and was at all times material hereto a fiduciary to the Trust Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21), and a "party in interest" as defined in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

6. Defendant City and County of San Francisco, Department of Public Works ("DPW") is a "party in interest" as to the Trust Fund, as defined in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

/ / /
/ / /
/ / /

6089597.1                                – 2 –
COMPLAINT

# FIRST CAUSE OF ACTION

### (Breach of Collective Bargaining Agreement as to All Parties)

7. Plaintiff refers to and incorporates paragraphs 1 through 7 inclusive, as though fully set forth herein.

8. On or around June 28, 2005, the City and County of San Francisco passed an ordinance adopting and implementing Amendment No. 2 to the 2003-2006 Memorandum of Understanding between the City and County of San Francisco and Local 261 ("Amendment No. 2"), by implementing provisions related to the Department of Public Works – Laborers Apprenticeship Project to be effective July 1, 2005. The 2003-2006 Memorandum of Understanding is a collective bargaining agreement to which Local 261 and the City and County of San Francisco are parties.

9. Pursuant to Amendment No. 2, the City and County of San Francisco and Local 261 agreed to establish an apprenticeship project for the purposes of training Class 7501 apprentices for the DPW.

10. Pursuant to Amendment No. 2, the City and County of San Francisco further agreed to allocate funding to Local 261 for the purposes of training Class 7501 apprentices for the DPW. Plaintiff is informed and believes that Local 261 accepted these funds with the intent to use them to pay for expenses relating to the training of Class 7501 apprentices by plaintiff at the Terence J. O'Sullivan Laborers Training Center (the "Training Center"), a training facility operated by the plaintiff in San Ramon, California.

11. Beginning in 2005 and continuing until April 2006, plaintiff provided training at the Training Center to Class 7501 apprentices selected by the DPW.

12. Plaintiff forwarded invoices for the expenses it incurred in training of the DPW Class 7501 apprentices to Local 261 for payment. On September 16, 2005 and January 1, 2006, Local 261 made payments to plaintiff in satisfaction of these invoices.

13. On or around April 26, 2006, the training program for DPW Class 7501 apprentices at the Training Center was terminated. Plaintiff forwarded its final invoice for $88,244.00 in expenses relating to the training program to Local 261 on May 23, 2006.

14. Plaintiff has yet to receive payment in satisfaction of its May 23, 2006 invoice from Local 261 or any other party, including DPW.

15. Defendants have breached the terms of Amendment No. 2 by failing to make payment to plaintiff in satisfaction of the May 23, 2006 invoice.

16. As a result of said breach, defendants have become indebted to plaintiffs in the amount of $88,244.00 and such other or further amounts to be proven at trial.

## SECOND CAUSE OF ACTION

**(Recovery of Unpaid Trust Fund Contributions as to All Defendants)**

**(ERISA §§ 502(g)(2), 515)**

17. Plaintiff refers to and incorporates paragraphs 1 through 17 inclusive, as though fully set forth herein.

18. Section 515 of ERISA, 29 U.S.C. § 1145, requires defendants to make such contribution payments to the Trust Fund as are required under the terms of Amendment No. 2. Pursuant to the provisions of its trust agreement, plaintiff is entitled to enforce defendants' obligation to make those contributions.

19. Pursuant to the terms Amendment No. 2, defendants are required to contribute a sum of at least $88,244.00 to the Trust Fund for the purpose of covering training expenses for DPW Class 7501 apprentices. Plaintiff is further informed and believes that this contribution was specifically intended to cover the training expenses listed in the May 26, 2006 invoice sent by plaintiff to Local 261.

20. As of the filing of this complaint, the expenses listed in the May 26, 2006 invoice remain unpaid.

21. Pursuant to the provisions of 502(g)(2)(A) and (B) of ERISA, 29 U.S.C. §§ 1132(g)(2)(A) and (B), plaintiff requests that the Court award unpaid contributions in the amount of $88,244.00, with interest thereon and such other and further amounts as may be proven at trial.

22. Plaintiffs has incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), plaintiff requests that the Court award their attorneys' fees and costs incurred

6089597.1                    − 4 −
COMPLAINT

in the bringing of the within action.

## THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty as to all Defendants)

### (ERISA §§ 409, 502(a)(2) and (3))

23. Plaintiff refers to and incorporates paragraphs 1 through 23 inclusive, as though fully set forth herein.

24. Plaintiff is informed and believes that at all relevant times Local 261 exercised authority of control over the payment of contributions required to be made to the Trust Fund and that Local 261 is and was a fiduciary as defined by as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21), and a "party in interest" as defined in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

25. The training expenses listed in the unpaid May 23, 2006 invoice to Local 261 were incurred by plaintiff and paid for out of the Trust Fund's plan assets. DPW is obligated to pay these training expenses because plaintiff provided training to apprentices selected by DPW for its Class 7501 apprentice training program.

26. Because Local 261 has not reimbursed the Trust Fund for the training expenses listed in the May 23, 2006, Local 261 has effectively caused the Trust Fund, by virtue of having paid for these expenses out of its plan assets, to directly loan money or extend credit to DPW, a party in interest to the Trust Fund as defined in Section 3(14) of ERISA, 29 U.S.C. § 1002(14). This direct loan or extension of credit to a party in interest is a prohibited transaction under Section 406(a)(1)(B) of ERISA, 29 U.S.C. 1106(a)(1)(B). This transaction is not an exempt transaction under Section 408 of ERISA, 29 U.S.C. 1108.

27. The actions of Local 261, as described herein, constitute a violation of Local 261's fiduciary duties to the Trust Fund. Pursuant to Section 409 of ERISA, 29 U.S.C. 1109, Local 261 is personally liable for restoring funds loaned by the Trust Fund to DPW in violation of Section 406(a)(1)(B) of ERISA, 29 U.S.C. 1106(a)(1)(B). Plaintiff is entitled to seek relief against Local 261 pursuant to 502(a)(2) of ERISA, 29 U.S.C. 1132(a)(2).

28. The actions of DPW, as described herein, constitute a knowing participation in a

breach of fiduciary duty by Local 261, under Section 502(l)(1)(B) of ERISA, 29 U.S.C. 1132(l)(1)(B). Plaintiff is entitled to seek relief against DPW pursuant to 502(a)(3) of ERISA, 29 U.S.C. 1132(a)(3).

## FOURTH CAUSE OF ACTION

### (Breach of Fiduciary Duty as to Local 261)

### (ERISA §§ 406(b), 409, 502(a)(2))

29. Plaintiff refers to and incorporates paragraphs 1 through 27 inclusive, as though fully set forth herein.

30. Pursuant to Amendment No. 2, Local 261 received contributions from the City and County of San Francisco and/or DPW intended for the Trust Fund. The purpose of these contributions was to reimburse the Trust Fund for expenses incurred for training of DPW Class 7501 apprentices at the Training Center. The contributions, therefore, constituted plan assets of the Trust Fund.

31. Plaintiff is informed and believes that Local 261 received contributions from the City and County of San Francisco and/or DPW specifically intended for payment of the May 23, 2006 invoice for training expenses.

32. As of the filing of this complaint, plaintiff has yet to receive payment for the May 23, 2006 invoice.

33. Plaintiff is informed and believes that Local 261 has improperly withheld the contributions from the City and County of San Francisco and/or DPW specifically intended for payment of the May 23, 2006 invoice. In doing so, Local 261 improperly dealt with assets of the Trust Fund for its own interest or its own account, in violation of Section 406(b)(1) of ERISA, 29 U.S.C. 1106(b)(1).

34. The actions of Local 261, as described herein, constitute a violation of Local 261's fiduciary duties to the Trust Fund. Pursuant to Section 409 of ERISA, 29 U.S.C. 1109, Local 261 is personally liable for restoring funds improperly withheld by Local 261 for its own interest or its own account, in violation of Section 406(b)(1) of ERISA, 29 U.S.C. 1106(b)(1).

Plaintiff is entitled to seek relief against Local 261 pursuant to 502(a)(2) of ERISA, 29 U.S.C. 1132(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

1. As to the first cause of action, for damages for breach of the collective bargaining agreement, for judgment against the defendants, and each of them, in amount of not less than $88,244.00, plus additional accrued interest and other amounts as may be shown at trial.

2. As to the second cause of action, for damages for recovery under Section 502(g) of ERISA, 29 U.S.C. §§ 1132 (g)(2), for judgment against Local 261 in an amount not less than $88,244.00, plus additional accrued interest, amounts as may be awardable under Section 504(g)(2)(C) of ERISA, 29 U.S.C. § 1132 (g)(2)(C), and for costs of suit and attorneys' fees incurred in this action.

3. As to the third cause of action, for breach of fiduciary duty under Section 409(a) of ERISA, 29 U.S.C. § 1109(a), for judgment against the defendants, and each of them, in an amount not less than $88,244.00, plus additional accrued interest and other amounts as may be shown at trial, and costs of suit and attorneys' fees incurred in this action.

4. As to the fourth cause of action, for breach of fiduciary duty under Section 409(a) of ERISA, 29 U.S.C. § 1109(a), for judgment against Local 261 in an amount not less than $88,244.00, plus additional accrued interest and other amounts as may be shown at trial, and costs of suit and attorneys' fees incurred in this action.

5. Under all claims for relief, for such other and further relief as the Court may deem just and proper.

DATED: December 21, 2007

BULLIVANT HOUSER BAILEY PC

By _____
Susan J. Olson
Peter Roldan
Attorneys for Plaintiff Board Of Trustees,
Laborers' Training and Retraining Trust Fund for
Northern California