DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:   (415) 554-3809
Facsimile:    (415) 554-4248

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES LABORERS' TRAINING AND RETRAINING FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>LABORERS' INTERNATIONAL UNION OF NORTH AMERICA LOCAL UNION NO 261, ET AL.,<br><br>Defendants. | Case No. C 07-6436 SC<br><br>**ANSWER TO COMPLAINT BY DEFENDANT CITY AND COUNTY OF SAN FRANCISCO** |

Defendant City and County of San Francisco ("defendant" or "City"), of which the Department of Public Works is a constituent part, answers plaintiff's complaint for damages for breach of collective bargaining agreement, to recover unpaid trust fund contributions and for breach of fiduciary duty, as follows:

1. Responding to paragraph 1, defendant denies liability for the claims asserted by plaintiffs, and denies that the Court has jurisdiction over defendant under the Labor Management Relations Act of 1947 ("LMRA") or the Employment Retirement Income Security Act ("ERISA") but admits that plaintiffs have purported to sue under the provisions of the LMRA, and ERISA. Except as expressly admitted, defendant denies each and every allegation in paragraph 1.

1        2.       Responding to paragraph 2, defendant denies liability for the claims asserted by plaintiffs, but admits that venue of the action is proper in the U.S. District Court for the Northern District of California.  except as expressly admitted, defendant denies each and every allegation in paragraph 2

3.       Responding to paragraph 3, defendant is without sufficient knowledge or information regarding the nature of the plaintiff organization and on that basis denies the allegations of paragraph 3.

4.       Responding to paragraph 4, defendant is without sufficient knowledge or information regarding the nature or duties of the plaintiff organization and on that basis denies the allegations of paragraph 4.

5.       Responding to paragraph 5, defendant is without sufficient knowledge or information regarding the legal relationship of the plaintiff organization and defendant Local 261 and on that basis denies the allegations of paragraph 5.

6.       Responding to paragraph 6, defendant denies each and every allegation.

7.       Responding to paragraph 7, defendant incorporates by reference its responses to paragraphs 1 through 6 of the Complaint as if fully set forth herein.

8.       Responding to paragraph 8, defendant admits that shortly on or around June 28, 2005, the Board of Supervisors passed an ordinance adopting and implementing Amendment No. 2 to the 2003-2006 Memorandum of Understanding between the City and County of San Francisco and Local 261, by implementing provisions related to the Department of Public Works – Laborers Apprenticeship Project to be effective July 1, 2005.  Defendant further admits that it and Local 261 are parties to the Memorandum of Understanding.  Except as expressly so admitted, defendant denies the allegations of paragraph 8.

9.       Responding to paragraph 9, defendant admits that pursuant to Amendment No. 2, defendant and Local 261 agreed to amend their Memorandum of Understanding, subject to approval by the Board of Supervisors, to provide compensation for employees actively enrolled in the Laborers Apprenticeship Project, and to allocate funds with respect to employees

participating in the Apprenticeship Project. Except as expressly so admitted, defendant denies the allegations of paragraph 9.

10. Responding to paragraph 10, defendant admits that pursuant to Amendment No. 2, defendant and Local 261 agreed to amend their Memorandum of Understanding, subject to approval by the Board of Supervisors, to allocate funding to Local 261 with respect to employees participating in the Apprenticeship Project, and that such funds would be used by the Union to provide funding for the Project training program, including administrative costs and training-related expenses. Defendant is without sufficient knowledge or information regarding the intent of Local 261 in accepting funds, and on that basis denies the allegations of the second sentence of paragraph 10. Except to the extent expressly admitted, or denied based on lack of knowledge or information, defendant denies the allegations of paragraph 10.

11. Responding to paragraph 11, defendant is without sufficient knowledge or information and on that basis denies the allegations of paragraph 11.

12. Responding to paragraph 12, defendant is without sufficient knowledge or information and on that basis denies the allegations of paragraph 12.

13. Responding to paragraph 13, defendant is without sufficient knowledge or information and on that basis denies the allegations of paragraph 13.

14. Responding to paragraph 14, defendant denies that it was required to submit payment under the MOU to plaintiff. Defendant is without sufficient knowledge or information as to what payment plaintiff might have received from Local 261, accordingly defendant denies the allegations of paragraph 14.

15. Responding to paragraph 15, defendant denies each and every allegation.

16. Responding to paragraph 16, defendant denies each and every allegation and denies that it has become indebted to plaintiff in the amount of $88,244.00 or any other amount.

17. Responding to paragraph 17, defendant incorporates by reference its responses to paragraphs 1 through 17 of the Complaint as if fully set forth herein.

18. Responding to paragraph 18, defendant denies each and every allegation.

19. Responding to paragraph 19, defendant denies each and every allegation.

20. Responding to paragraph 20, defendant is without sufficient knowledge or information as to what payment plaintiff might have received from Local 261, accordingly defendant denies the allegations of paragraph 20.

21. Responding to paragraph 21, the allegations in this paragraph are statements of plaintiffs' legal intent or legal conclusions and are not factual allegations requiring admissions or denials by defendant and, thus, defendant neither admits nor denies those allegations. To the extent any response is required, defendant denies each and every allegation in paragraph 21.

22. Responding to paragraph 22, the allegations in this paragraph are statements of plaintiffs' legal intent or legal conclusions and are not factual allegations requiring admissions or denials by defendant and, thus, defendant neither admits nor denies those allegations. To the extent any response is required, defendant denies each and every allegation in paragraph 22.

23. Responding to paragraph 23, defendant incorporates by reference its responses to paragraphs 1 through 23 of the Complaint as if fully set forth herein.

24. Responding to paragraph 24, defendant is without sufficient knowledge or information as to the allegations of the paragraph, accordingly defendant denies the allegations.

25. Responding to paragraph 25, defendant is without sufficient knowledge or information as to the allegations contained in the first sentence of the paragraph, accordingly defendant denies the allegations. As to the allegations of the second sentence of the paragraph, defendant denies each and every allegation.

26. Responding to paragraph 26, defendant denies each and every allegation.

27. Responding to paragraph 27, defendant is without sufficient knowledge or information as to the allegations of the paragraph, accordingly defendant denies the allegations.

28. Responding to paragraph 28, defendant denies each and every allegation.

29. Paragraphs 29 through 34 of the Complaint are allegations of the Fourth Claim for Relief, against Local 261, and not against the City. Therefore no response is required.

/ / /

/ / /

**PRAYER FOR RELIEF**

Responding to plaintiff's prayer for relief, defendant denies that plaintiff has been injured or has suffered any damages, and denies that plaintiff is entitled to any relief requested in paragraphs 1 through 5 of the Prayer for Relief or any relief in any amount or of any kind whatsoever.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

As a first affirmative defense, defendant asserts that plaintiff's complaint fails to state facts sufficient to constitute a claim for relief against defendant.

**Second Affirmative Defense**

As a second affirmative defense, defendant asserts that Plaintiff has failed to exhaust its administrative and/or contractual remedies.

**Third Affirmative Defense**

As a third affirmative defense, defendant asserts that the Complaint, and claims for relief therein, are barred by the doctrine of unclean hands.

**Fourth Affirmative Defense**

As a fourth affirmative defense, defendant asserts that plaintiff is estopped by its conduct from asserting any claims herein against defendant.

**Fifth Affirmative Defense**

As a fifth affirmative defense, defendant asserts that plaintiff's claim for breach of contract is barred because plaintiff failed to perform under the alleged contract.

WHEREFORE, Defendant prays for judgment as follows:

1. That judgment be awarded for defendant City and County of San Francisco;

2. That plaintiffs' prayer for monetary damages, liquidated damages, costs, attorney's fees, interest, accounting and declaratory judgment be denied;

3.      That plaintiffs take nothing by this action;

4.      That defendant City and County of San Francisco be awarded its costs of suit, including attorney's fees; and

5.      That the Court order such other and further relief for defendant as the Court may deem just and proper.

Dated: February 15, 2008

                DENNIS J. HERRERA
                City Attorney
                ELIZABETH SALVESON
                Chief Labor Attorney

By: /s/ Elizabeth S. Salveson
      ELIZABETH S. SALVESON

      Attorneys for Defendant
      CITY AND COUNTY OF SAN FRANCISCO