KENNETH C. ABSALOM, ESQ., SBN 114607
Nevin & Absalom
22 Battery Street, Suite 333
San Francisco, California 94111
Telephone: (415) 392-5040
Facsimile: (415) 392-3729

Attorneys for Defendants
LABORERS INTERNATIONAL UNION
OF NORTH AMERICA, LOCAL 261

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 261; and CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS,<br><br>Defendants. | CASE NO.: CV 07-06436 SC<br><br>ANSWER TO COMPLAINT FOR DAMAGES BY LIUNA LOCAL 261 |

COMES NOW Defendant Laborers' International Union of North America, Local 261 (hereafter "Local 261") and answers the Complaint herein as follows:

**JURISDICTION AND VENUE**

1. Answering Paragraph 1 of the Complaint, Defendant Local 261 denies that the Court has jurisdiction over this Defendant under the Labor Management Relations Act or the Employee Retirement Income Security Act, but admits that Plaintiff has purported to sue under the provisions of said Statutes. Except as expressly admitted herein, Defendant denies each and every

1 allegations contained in Paragraph 1 of the Complaint.

2. Answer Paragraph 2 of the Complaint, in the event it is determined that the Court has jurisdiction over this action, Defendant Local 261 admits that venue would be proper within the Northern District of California. Except as expressly so admitted Defendant denies each and every allegation contained in Paragraph 2 of the Complaint.

### .PARTIES

3. Answering Paragraph 3 of the Complaint, Defendant Local 261 lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every such allegation.

4. Answering Paragraph 4 of the Complaint, Defendant Local 261 lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every such allegation.

5. Answering Paragraph 5 of the Complaint, Defendant Local 261 lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every such allegation.

6. Answering Paragraph 6 of the Complaint, Defendant Local 261 lacks sufficient information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every such allegation.

### FIRST CAUSE OF ACTION

**(Breach of Collective Bargaining Agreement as to All Parties)**

7. Answering Paragraph 7 of the Complaint, Defendant Local 261 incorporates herein by reference, as if fully set forth, its Responses to Paragraphs 1 through 6 of the Complaint.

8. Answering Paragraph 8 of the Complaint, Defendant Local 261 admits the allegations contained in the first sentence thereof, set forth in lines 8 through 9. Further answering the allegations contained in paragraph 8 of the Complaint, Defendant is without sufficient information to form a belief as to the accuracy of the allegations contained in the second sentence of said

1 Paragraph, and on that basis, such allegations are denied.

2       9.      Answering Paragraph 9 of the Complaint, Defendant Local 261 admits that pursuant to Amendment No.2 the City and County of San Francisco and Local 261 agreed to amend their Memorandum of Understanding, subject to approval by the Board of Supervisors, to provide compensation for employees actively enrolled in the Laborers Apprenticeship Project, and to allocation funds with respect to employees participating in the Apprenticeship Program. Except as expressly so admitted, Defendant Local 261 denied each and every other allegation contained in Paragraph 9 of the Complaint.

      10.      Answering Paragraph 10 of the Complaint, Defendant Local 261 admits that pursuant to Amendment No.2, the City and County of San Francisco and Local 261 agreed to amend their Memorandum of Understanding, subject to approval by the Board of Supervisors, to allocate funding to Local 261 with respect to employees participating in the Apprenticeship Project, and that such funds would be used by the Union to provide funding for the Project Training Program, including administrative costs and training related expenses. Defendant Local 261 is without sufficient information to form a belief as to the truth of the other allegations contained in Paragraph 10 of the Complaint, and on that basis said allegations are denied.

      11.      Answering the allegations of Paragraph 11 of the Complaint, Local 261 is without sufficient information to form a belief as to the accuracy of the allegations contained therein, and on that basis, each and every such allegation is denied.

      12.      Answering Paragraph 12 of the Complaint, Defendant Local 261 admits each and every allegations contained therein.

      13.      Answering Paragraph 13 of the Complaint, Defendant Local 261 admits the allegations contained therein, but is without sufficient information to form a belief as to the purported liability of Local 261 for said invoice.

      14.      Answering Paragraph 14 of the Complaint, Defendant Local 261 denies that Plaintiff was entitled to receive any payment in satisfaction of this May 23, 2006 invoice from this answering Defendant or any other party.

15. Answering Paragraph 15 of the Complaint, Defendant Local 261 denies each and every allegation contained therein.

16. Answering Paragraph 16 of the Complaint, Defendant Local 261 denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

**(Recovery of Unpaid Trust Fund Contributions as to All Defendants)**

**(ERISA §§502(g)(2), 515)**

17. Answering Paragraph 17 of the Complaint, Defendant Local 261 incorporates its Responses to Paragraphs 1 through 17, inclusive, as though fully set forth herein.

18. Answering Paragraph 18 of the Complaint, Defendant Local 261 denies each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, Defendant Local 261 denies each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant Local 261 is without sufficient information to form a belief as to the truth of the allegations contained therein, and on that basis, said allegations are denied.

21. Answering Paragraph 21 of the Complaint, the allegations contained therein call for a legal conclusion and assertion as to the Plaintiff's legal contentions in this action. Accordingly, no responsive pleading to such allegations is required. Therefore Defendant Local 261 neither admits nor denies said allegations.

22. Answering Paragraph 22 of the Complaint, the allegations contained therein call for a legal conclusion and assertion as to the Plaintiff's legal contentions in this action. Accordingly, no responsive pleading to such allegations is required. Therefore Defendant Local 261 neither admits nor denies said allegations.

//
//
//

## THIRD CAUSE OF ACTION

**(Breach of Fiduciary Duty as to all Defendants0**

**(ERISA §§ 409. 502(a)(2) and (3))**

23. Answering Paragraph 23 of the Complaint, Defendant Local 261 incorporates its Responses to Paragraph 1 through 23, inclusive, as though fully set forth herein.

24. Answering Paragraph 24 of the Complaint, Defendant Local 261 is without sufficient information to form a belief as to the accuracy of the allegations contained therein and on that basis said allegations are denied.

25. Answering Paragraph 25 of the Complaint, Defendant Local 261 is without sufficient information to form a belief as to the accuracy of the allegations contained therein and on that basis said allegations are denied.

26. Answering Paragraph 26 of the Complaint, Defendant Local 261 is without sufficient information to form a belief as to the accuracy of the allegations contained therein and on that basis each and every such allegation is denied.

27. Answering Paragraph 27 of the Complaint, Defendant Local 261 denies each and every allegation contained therein.

28. Answering Paragraph 28 of the Complaint, Defendant Local 261 is without sufficient information to form a belief as to the allegations contained therein and on that basis each and every such allegation is denied.

## FOURTH CAUSE OF ACTION

**(Breach of Fiduciary Duty as to Local 261)**

**(ERISA §§ 406(b). 409, 502(a)(2))**

29. Answering Paragraph 29 of the Complaint, Defendant Local 261 incorporates its Responses to Paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. Answering Paragraph 30 of the Complaint, Defendant Local 261 denies each and every allegation contained therein.

31. Answering Paragraph 31 of the Complaint, Defendant Local 261 is without

sufficient information to form a belief as to the allegations contained therein and on that basis each and every such allegations is denied.

32. Answering Paragraph 32 of the Complaint, Defendant Local 261 is without sufficient information to form a belief as to the allegations contained therein and on that basis each and every such allegations is denied.

33. Answering Paragraph 33 of the Complaint, Defendant Local 261 denies each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, Defendant Local 261 denies each and every allegation contained therein.

### PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief, Defendant Local 261 denies that Plaintiff has been injured, or has suffered any damages whatsoever, and denies that Plaintiff is entitled to any relief requested in Paragraphs 1 through 5 of its Prayer for Relief.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

As and for its First Affirmative Defense, Defendant Local 261 alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

#### SECOND AFFIRMATIVE DEFENSE

As and for its Second Affirmative Defense, Defendant Local 261 alleges that Plaintiff has failed to exhaust its administrative and/or contractual remedies.

#### THIRD AFFIRMATIVE DEFENSE

As and for its Third Affirmative Defense, Defendant Local 261 alleges that the Complaint is barred under the Doctrine of Unclean Hands.

#### FOURTH AFFIRMATIVE DEFENSE

As and for its Fourth Affirmative Defense, Defendant Local 261 alleges that Plaintiff is estopped by its conduct from asserting any claims herein against Defendant Local 261.

//

FIFTH AFFIRMATIVE DEFENSE

As and for its Fifth Affirmative Defense, Defendant Local 261 asserts that Plaintiff's claim for breach of contract is barred because Plaintiff failed to perform under the alleged contract.

SIXTH AFFIRMATIVE DEFENSE

As and for its Sixth Affirmative Defense, Defendant Local 261 alleges that Plaintiff's claims, in whole or in part, are barred under the applicable Statutes of Limitation.

WHEREFORE, Defendant Local 261 prays for judgment as follows:

1. That judgment be awarded for Defendant Local 261;
2. That Plaintiff's prayer for monetary damages, liquidated costs, attorney fees, interest, and all other relief be denied, in its entirety;
3. That Plaintiffs take nothing by this action;
4. That Defendant Local 261 be awarded its costs of suit and reasonable attorney fees incurred herein; and
5. That the Court order such other and further relief for Defendant Local 261 as it may deem just and proper.

Dated:    February 19, 2008             LAW OFFICES OF NEVIN & ABSALOM


By:_____/S/_____
KENNETH C. ABSALOM
Attorney for Defendant Local 261